In the Matter of the Claim of GREGORY LUNGARELLI, an Infant, by His Natural Guardian, ANTHONY LUNGARELLI, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.

Third Department, March 7, 1968.

*Mary B. Tarcher* (*Ronald James D'Angelo* of counsel), for appellant.

*Louis J. Lefkowitz, Attorney-General* (*Irving Jorrisch, Samuel A. Hirshowitz* and *Samuel Stern* of counsel), for respondent.

HERLIHY, J. P. The claimant appeals from a decision of the Unemployment Insurance Appeal Board which affirmed an initial determination of the respondent disqualifying appellant from benefits for voluntarily leaving his employment without good cause. (Labor Law, § 593, subd. 1.)

The appellant claimed benefits as a veteran pursuant to section 8521 of title 5 of the United States Code which provides that military service constitutes "Federal service" for the purpose of providing unemployment insurance benefits for veterans in the same manner as for other Federal employees. Section 8502 of title 5 of the United States Code provides that such benefits shall be paid by the various States as if such employment had been in the State where the claim is made. Section 459 of title 50, Appendix of the United States Code (subd. [b], par. [B], subpar. [i]; subd. [c], par. [1]) provides that certain veterans are entitled to reemployment upon separation from military service and that for the purposes of such reemployment rights, the veteran is deemed to have been on furlough or leave of absence during his period of military service.

The record establishes that the appellant was employed prior to entering the military establishment and that the employer had his prior employment available for him upon his discharge.

He refused to accept or even contact his prior employer on the ground that he was now more mature and desired some other type of employment. It is admitted by the appellant that he has acquired no specific civilian job skills as a result of his military service and it appears that the only job classification he could now have is that of his prior civilian employment.

The appellant contends that his unemployment insurance rights are a veteran's benefit to which he is entitled regardless of his conduct in refusing to accept his prior employment. The statute, however, purports to place him in the same position as any other New York State claimant. In view of the fact that the statute governing his reemployment rights provides that he is to be considered as on furlough or leave of absence from such prior employment, we cannot say that as a matter of law the board erred in apparently considering that he was in fact on leave of absence.

The appellant has not shown that he has acquired any civilian job skills which would make the prior employment unsuitable and accordingly, we find that there is substantial evidence to support the board's finding that he left such employment after discharge from the military service without good cause.

The decision should be affirmed.

REYNOLDS, AULISI, STALEY, JR., and GABRIELLI, JJ., concur.

Decision affirmed, without costs.